UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

JOSE ANTONIO ZAMBRANA ARROYO

DEBTOR(S)

_____

JOSE ANTONIO ZAMBRANA ARROYO

Plaintiff(s)

Vs.

SCOTIABANK DE PUERTO RICO,
RG PREMIER BANK OF PUERTO RICO

Defendant(s)

_____

CASE NUMBER 12-01368 (ESL)

CHAPTER 7

ADVERSARY PROCEEDING NUMBER:

12-0207

OPINION AND ORDER

This adversary proceeding is before the court upon the urgent motion requesting a preliminary injunction or temporary restraining order to prevent the imminent eviction of plaintiff by Scotiabank de Puerto Rico ("Scotiabank") from property allegedly subject to an invalid lien. Plaintiff alleges that such action will result in irreparable harm. Plaintiff bases his request alleging that the balance of equities favor movant and would serve the public interest. For the reasons stated below, the request is hereby denied.

Background

On March 12, 2012 the Debtor/Plaintiff filed the instant adversary proceeding praying for injunctive relief and damages as a result of a violation of the automatic stay. Plaintiff alleged that defendant had conducted a public sale of property belonging to the estate the day after the petition was filed. On the same date the Plaintiff requested an agreed to hearing to be held on March 14, 2012. The court granted the request and scheduled the hearing to consider whether or not a temporary restraining order should be issued restraining the Defendant from evicting the debtor. The issuance of the temporary restraining order was mooted upon Scotiabank's agreement not to evict

- 2 -

Debtor until the date of the pretrial scheduled for July 12, 2012.

On July 16, 2012 the court entered an order staying the procedures pending a decision on the Debtor/Plaintiff's motion for reconsideration filed in the bankruptcy case. The motion for reconsideration was filed in the bankruptcy case on July 4, 2012, praying the court to set aside the bench ruling granting Scotiabank retroactive relief from the automatic stay. The written opinion was actually entered on July 12, 2012. In the opinion and order the court concluded that Scotiabank had shown compelling circumstances to grant retroactive relief from the automatic stay and to validate the judicial sale conducted less than 24 hours after the filing of the petition.

On July 20, 2012 the debtor appealed this court's order to the Bankruptcy Appellate Panel for the First Circuit ("BAP"). On April 1, 2013 the BAP dismissed the appeal for lack of standing. There is no evidence on the record showing that the debtor appealed the BAP decision to the First Circuit Court of Appeals.

The Chapter 7 trustee filed a report of no distribution on April 27, 2012 and gave notice of its filing on April 27, 2012 and April 11, 2013. As of this date a discharge order has not been entered.

Temporary Restraining Order

The request for temporary restraining order fails to comply with the requirements of Rule 65(b) of the Fed. R. Civ. P., made applicable to adversary proceedings by Fed. R. Bankr. P. 7065. Neither the request nor the amended complaint contain specific facts in an affidavit or verified complaint showing that immediate and irreparable injury, loss, or damage will result to the moving party. The motion merely alleges in a conclusory statement that Plaintiff may suffer irreparable harm if the injunctive relief is not granted. Therefore, plaintiff has failed to meet the threshold requirement for the issuance of a temporary restraining order.

Preliminary Injunction

The court's decision of whether or not the preliminary injunction should be issued must be entered after considering four (4) factors: (1) whether there is a likelihood of success on the merits of the appeal; (2) whether the moving party will suffer irreparable harm if the stay is not granted; (3) whether a stay will injure other parties; and (4) whether the public interest supports granting the stay.

- 3 -

Peoples Federal Savings Bank v. People's United Bank, 672 F.3d 1, 9 (1st Cir. 2012). The critical factor of the four-part test is likelihood to succeed on the merits. Swarovski Aktiengesellschaft v. Building #19, Inc., 704 F.3d 44, 48 (1st Cir 2013). The balancing of harm is weighed in light of the likelihood to succeed. The request before the court does not allege sufficient facts for this court to conclude that there is a likelihood to succeed on the merits. Particularly, when this court's decision and order granting Scotiabank retroactive relief from the automatic stay and validating the judicial sale has become final. In addition, if there are any defects in the state court process, the Debtor may present the same before the state courts. Granting retroactive relief from the automatic stay does not foreclose Debtor from raising applicable defenses before the state courts. Thus there is no irreparable harm. Moreover, the public policy in this controversy favors denial of the preliminary injunction as the finality of decisions is the prevailing policy. Therefore, the request for a preliminary injunction is hereby denied.

CONCLUSION

In view of the foregoing, Plaintiff's requests for a temporary restraining order and a preliminary injunction are hereby denied.

IT IS SO ORDERED.

Dated this 28th of June, 2013, in San Juan, Puerto Rico.

Enrique S. Lamoutte
United States Bankruptcy Court